UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOSIAH WINTERS,

      Movant,

                                  File No. 1:08-CV-626

v.

                                  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
                                  /

## **O P I N I O N**

This matter comes before the Court on Michael Josiah Winters's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

### I.

Movant Michael Josiah Winters was convicted on his plea of guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and sentenced to 264 months in prison. (*United States v. Winters*, File No. 1:05-CR-99 (W.D. Mich. July 20, 2006), Dkt. No. 54, J.). Movant's sentence was affirmed on appeal. *United States v. Winters*, 247 F. App'x 665 (6th Cir. 2007). In this action Movant claims he is entitled to habeas relief based upon two sentencing errors and ineffective assistance of counsel.

### II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

2

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

**III.**

Movant has raised two challenges to his sentence. He contends that the Court erred by failing to give him credit for acceptance of responsibility, and that the Court erred by failing to grant him a downward departure based on diminished mental capacity. Both of these challenges to the sentence imposed by the Court have been waived. Prior to entering his plea, Movant entered into a plea agreement waiving his right to challenge the sentence in any collateral attack, including a motion under 28 U.S.C. § 2255, except on grounds of ineffective assistance of counsel or newly discovered evidence. (*Winters*, File No. 1:05-CR-99, Dkt. No. 40, Plea Agreement ¶ 6.)

A waiver of the right to collaterally attack a conviction and sentence is enforceable if it is knowingly, intelligently, and voluntarily made. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001); *Watson*, 165 F.3d

3

at 489. Movant has neither alleged nor shown that his waiver was involuntary, and he has not raised any claims based on newly-discovered evidence. Accordingly, Movant has waived all of his claims other than those based on ineffective assistance of counsel. These include his claims of sentencing error.

In addition to being waived, Movant's sentencing claims lack merit. Movant contends that the trial court erred by denying him a sentence reduction for acceptance of responsibility because he did not deny any element of the offense. On appeal, the Sixth Circuit held that, even though Movant's misstatements did not affect the Guidelines calculation, "minimizing one's conduct is a sufficient basis to deny an acceptance of responsibility reduction." *Winters*, 247 F. App'x at 669. Thus, Movant's argument that he should have been granted a reduction for acceptance of responsibility is procedurally barred because it was addressed and rejected on appeal and Movant has not identified any "highly exceptional circumstances" requiring its re-litigation. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (holding that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent "highly exceptional circumstances, such as an intervening change in the law").

In this § 2255 motion, Winters has added a new argument that the Court erred in denying him acceptance of responsibility because the ruling was based on the Court's erroneous finding that Movant had threatened to shoot bank employees. Movant contends that this finding was erroneous because there was no evidence that he verbally threatened to

4

shoot them. The bank tellers testified that Movant pointed his gun at them and ordered them to follow his various commands. *Winters*, 247 F. App'x at 668-69 (describing Movant's commands and the tellers' fear for their safety). Even if the tellers did not testify that Movant verbally threatened to shoot them, that does not suggest the lack of an evidentiary basis for the Court's finding that Movant minimized the amount of force or violence used and was accordingly not entitled to an adjustment for acceptance of responsibility.

Movant's second sentencing claim is that the Court should have considered a downward departure for diminished mental capacity. This claim was not only waived by the plea agreement, but is also procedurally barred because Movant failed to raise the claim on appeal. "It is well settled that an argument not raised on direct appeal is waived." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "Such an argument can be raised for the first time on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). The Court's discretionary decision not to depart downward is not a fundamental defect which inherently results in a complete miscarriage of justice. Moreover, the Court's decision not to depart downward is not subject to review because the Court understood its ability to depart downward and chose not to do so. *See United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (holding that the decision not to depart downwards is not reviewable on appeal unless the district court was unaware of or did not understand its discretionary authority to make such a departure).

## IV.

Movant's remaining grounds for habeas relief are based on claims of ineffective assistance of counsel.[1]

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the Defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In the context of a plea context, the prejudice prong can be met by demonstrating that but for counsel's deficient performance, a reasonable probability exists that the defendant would not have pleaded guilty and would have insisted on going to trial. *Railey v. Webb*, 540 F.3d 393, 415-16 (6th Cir. 2008).

Movant contends that counsel was ineffective based on a conflict of interest. "[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980). However, "until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id.* at 350.

Movant's contention is not that counsel "actively represented conflicting interests,"

---

[1]Movant contends that his ineffective assistance of counsel claims were necessitated by the Court's erroneous denial of his motion to withdraw counsel. To the extent Movant is relying on the Court's denial of his motion to withdraw counsel as an independent basis for habeas relief, he waived his right to raised this issue in the plea agreement.

but that there was a "breakdown of communication" between Movant and his trial counsel. This issue was raised prior to the plea and was presented to the Court in the form of a motion to withdraw. After hearing from Movant and his counsel the Court found that there was no inherent conflict of interest. However, in an exercise of caution, and in order to safeguard Movant's interests and to facilitate communications between Movant and his counsel, the Court arranged for Movant to meet with another attorney from the Federal Defenders' Office who could act as an intermediary. (*Winters*, File No. 1:05-CR-99, Dkt. No. 63, 01/18/06 Mot. Hr'g Tr. 15-16.) At the time of his plea, and again at sentencing, Movant assured the Court that he was satisfied with trial counsel's representation. (*Winters*, File No. 1:05-CR-99, Dkt. No. 73, Gov't Resp., Kaczor Aff. ¶ 7(Q), (Y); *Winters*, File No. 1:05-CR-99, Dkt. No. 41, Plea Tr. 38; *Winters*, File No. 1:05-CR-99, Dkt. No. 58, Sentencing. Tr. 57.)

Movant has asserted generally that his trial counsel gave him negligent advice to accept the plea agreement. Movant contends that counsel misled him into believing that he would receive a three-level downward adjustment for acceptance of responsibility and gave Movant incorrect information about the Guidelines range.

Prior to entering a plea, Movant was advised by trial counsel on several occasions that his estimated Guidelines range was 262-327 months, capped at 300 months, if he was not granted acceptance of responsibility, and that the estimated guideline range was 188-235 months if he was granted acceptance of responsibility. (Kaczor Aff. ¶ 7(D).) Movant was given the same information by the attorney from the Federal Defenders Office who was

appointed to facilitate communications between Movant and his trial counsel. (Kaczor Aff. ¶ 7(O).) The information Movant was given was correct. Trial counsel advised Movant to accept the plea agreement because Movant had readily admitted that he was guilty of the offense and because he hoped to receive a three-level acceptance of responsibility adjustment, thus reducing his minimum Guidelines range by 74 months. (Kaczor Aff. ¶ 7(Z)(4).)

Movant was advised that the determination of his sentence was a matter within the discretion of the Court. (Plea Tr. 26-27.) Movant's trial counsel argued vigorously in favor of a three-level adjustment for acceptance of responsibility. (*Winters*, File No. 1:05-CR-99, Dkt. No. 50, Sentencing Mem.; Sentencing Tr. 3-7, 26-27). Nevertheless, the Court decided not to grant Movant a reduction for acceptance of responsibility because Movant persisted in minimizing his criminal responsibility. (Sentencing Tr. 29-32.) The Court's decision not to grant Movant a reduction for acceptance of responsibility is attributable to Movant's own lack of candor, not to any deficiencies on the part of trial counsel.

## V.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, for the reasons stated herein, Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

An application for a certificate of appealability will also be denied because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect

8

to any of his claims. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

An order and judgment consistent with this opinion will be entered.


Dated: January 11, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE